# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KUN W. LEE and HUYNG S. HAN,

        Plaintiffs,

-vs-                                 Case No.  6:08-cv-1599-Orl-22GJK

D & W CORP., HYUN S. CHOE and DONG
Y. CHOE,

        Defendants.
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(d), FEDERAL RULES OF CIVIL PROCEDURE (Doc. No. 47)** |
| **FILED:** | **July 30, 2009** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**. |

| | |
|---|---|
| **MOTION:** | **PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 55)** |
| **FILED:** | **September 16, 2009** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

On September 16, 2009, Plaintiff Kun W. Lee ("Plaintiff") and Defendants filed a Joint Motion for Approval of Settlement ("Motion") requesting that the Court approve their proposed settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss this case in its entirety with prejudice. Doc. No. 55.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

counsel”); *see also Zegers v. Countrywide Mortg. Ventures, LLC*,
569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involves disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 27, 30, 39. Each party is represented by independent counsel who are obligated to vigorously represent their clients. *Id.* In his answers to court interrogatories, Plaintiff claimed he was owed $26,730.00 in overtime compensation plus $26,730.00 in liquidated damages. Doc. No. 25. The parties agreed to settle Plaintiff's claims for unpaid overtime wages for a total settlement amount of $30,000.00 (six payments of $5,000.00) in exchange for a release of all claims. Doc. No. 55-2. The final payment of $5,000.00 represents the following: 1) 1,730.00 in unpaid wages and 2) $3,270.00 in attorneys' fees and costs. *Id.* In the Motion, the parties state they agreed to the compromise Plaintiff's liquidated damages due to disputed issues, including the applicable statute of limitations and the strength of Defendants' affirmative defense that Plaintiff was an exempt employee. Doc. No. 55 at 5.

Counsel for Plaintiff filed a sworn affidavit regarding the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on the case and the person who performed the work. Doc. No. 55-3. In his affidavit, counsel for Plaintiff states:

> The law firm of LaBar & Adams, P.A. has expended 21.5 hours at a rate of $250.00 per hour in prosecuting the Plaintiff's claims. Thus, the reasonable attorney fee for LaBar & Adams, P.A. is $5,375.00. The law firm of LaBar & Adams has also expended $75.00 in court reporter fees . . . The law office of N. James Turner, P.A. has expended $470.00 in costs . . . and is entitled to $2,300.00 as reasonable fee. The law firm of LaBar & Adams, P.A. has agreed to remit $2,800.00 to N. James Turner, P.A. for the forgoing fees and costs. Thus, the total amounts of fees expended vigorously pursuing the Plaintiffs' claims are $7,605.00 and $545.00 in costs; for a total sum of $8,150.00.
>
> Counsel for the Plaintiffs discounted their fees in order to settle the matter so the Plaintiff could have access to his wages as quickly as possible. Especially, since the Plaintiff is presently unemployed.

Doc. No. 55-3, ¶¶8-9. Lead counsel for Plaintiff, Scott C. Adams, states that he expended 21.5 hours of work on the case at a rate of $250.00 per hour. *Id.*, ¶9. In his affidavit, counsel states that he has previously been awarded a reasonable hourly rate of $250.00 in similar cases within the Middle District of Florida. *Id.*, ¶5. The undersigned recommends that the Court find the rate requested for Mr. Adams is reasonable. After reviewing the detailed time sheet, the undersigned also recommends that Court find the amount of time spent on the case was reasonable. Thus, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal Plaintiff's claim with prejudice is fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. Deny as moot Plaintiff's Motion for Sanctions Pursuant to Rule 37(d), Federal Rules of Civil Procedure (Doc. No. 47);

2. Grant the Motion (Doc. No. 55) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

3. Enter an order dismissing the case with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 5, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record